# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE WAITE<br>28 Sycamore Road<br>Levittown, PA 19056<br><br>v.<br><br>KELLIEANNE FROELICH<br>18 Parkview Avenue<br>Jersey City, NJ 07302<br>**AND**<br>FARMERS INSURANCE COMPANY<br>6301 Owensmouth Avenue<br>Woodland Hills, CA 91367 | :<br>:<br>:<br>: CASE NO.<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

### PARTIES

1. Plaintiff, DENISE WAITE, is an adult individual and a citizen of the commonwealth of Pennsylvania with her domicile being at the above address.

2. Defendant, KELLIEANNE FROELICH, is an adult individual and a citizen of the commonwealth of New Jersey with her domicile being at the above address.

3. Defendant, FARMERS INSURANCE COMPANY (hereinafter "FARMERS") is an insurance company with its main office at the address indicated in the commonwealth of California.

### JURISDICTION

4. The jurisdiction of this court is hereby invoked pursuant to United States Code, Title 28, Section 1332, which states that the Federal District Court shall have original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of $150,000.00, exclusive of interest and costs, and is between citizens of different states; citizens of the state and

foreign states or citizens and subjects thereof.

5. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $150,000.00. Every issue of law and fact herein is solely between citizens of different states.

**VENUE**

6. Venue is sought in the United States District Court for the Eastern District of Pennsylvania, pursuant to United States Code, Title 28, Sec. 1391, which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where the defendant resides or in the case of a corporation or entity is subject to personal jurisdiction.

**FACTS**

7. All material facts and occurrences took place on May 25, 2018 at or near Trenton Road and Snowball Drive, Middletown Township, Bucks County, Pennsylvania.

8. On or about May 25, 2018, at or near the above described location, Plaintiff, DENISE WAITE, was lawfully and carefully operating a motor vehicle and was stopped when she was suddenly and forcefully struck in the rear by a vehicle owned and or operated by Defendant KELLIEANNE FROELICH, and or her agents and or workmen, with the result that the Plaintiff suffered at least the severe and serious injuries hereinafter set forth.

9. On or about May 25, 2018 at or near Trenton Road and Snowball Drive, Middletown Township, Bucks County, PA, Plaintiff, DENISE WAITE, was operating a motor vehicle.

10. On or about May 25, 2018 at or near Trenton Road and Snowball Drive, Middletown Township, Bucks County, Pennsylvania, Defendant, KELLIEANNE FROELICH and or her agents and or workmen, was operating a motor vehicle.

11. On or about May 25, 2018 at or near Trenton Road and Snowball Drive,

Middletown Township, Bucks County, Pennsylvania there was an impact between the vehicle operated by Defendant KELLIEANNE FROELICH and the Plaintiff vehicle.

12. Defendant KELLIEANNE FROELICH was negligent in the operation of her vehicle.

13. The negligence of the Defendants includes:

    A. Operating their vehicle at a high, dangerous speed under the circumstances;

    B. Failing to have the vehicle under proper control;

    C. In crashing into another vehicle;

    D. In that the Driver was inattentive and failed to maintain a sharp lookout of the road and the surrounding traffic conditions;

    E. In being inattentive and colliding with another motor vehicle;

    F. In failing to properly inspect vehicle for any mechanical defects;

    G. In violating the various statutes and municipal ordinances pertaining to the operation to the operation of motor vehicles on public thoroughfares under the circumstances;

    H. In driving and or operating the vehicle in a negligent and/or careless manner under the circumstances;

    I. In proceeding in the direction of another vehicle when Defendants knew or in the exercise of reasonable care should have known that doing so would result in a collision with another vehicle and would foreseeably result in the severe and serious injuries incurred by the Plaintiff;

    J. In failing to maintain proper lookout for the presence of other motor vehicles on the road;

K. In operating a vehicle in a manner not consistent with the traffic and/or road and weather conditions prevailing at the time;

L. In not yielding the right of way;

M. In violating the rules of the road and or in driving negligently;

N. In failing to maintain a safe and adequate distance between the Defendant vehicle and Plaintiff's vehicle;

O. In failing to stop for traffic on the roadway;

P. In failing to maintain an assured, clear distance between the Defendant's vehicle and Plaintiff's vehicle;

Q. In operating a motor vehicle at an unsafe speed under the circumstances;

R. In violating *75 Pa.C.S. Section 3321* - **Vehicle approaching or entering intersection;**

S. In violating *75 Pa.C.S. Section 3111* - **Obedience to traffic control devices;**

T. In violating *75 Pa.C.S. Section 3112* - **Traffic Control Signals;**

U. In violating *75 Pa.C.S. Section 3361* - **Driving Vehicle at safe speed;**

V. In violating *75 Pa.C.S. Section 3714* - **Careless Driving;**

W. In violating *75 Pa.C.S. Section 3310* – **Following too closely;**

X. In driving while under the influence of drugs and or alcohol;

Y. In being otherwise careless, reckless, and or negligent in the operation of a motor vehicle.

14. The violations of the motor code by defendants as set forth above are negligence per se.

15. The negligence of the defendants and or the negligence of their employees and or agents and or the joint and/or several negligence of the above defendants and or the negligence of their employees and or agents was a factual cause of the accident and of the injuries and damages sustained by Plaintiff. In the alternative, the negligence of the defendants and or the negligence of their employees and or agents and or the joint and/or several negligence of the defendants and or the negligence of their employees and or agents was a substantial factor in causing the accident and injuries and damages sustained by Plaintiff.

16. The accident was factually caused by the joint and/or several negligence and/or recklessness of the Defendants and in no way was caused by the Plaintiff.

17. The negligence of the Defendants was a factual cause of the following damages to Plaintiff, DENISE WAITE:

    A. Injuries, dysfunctions, impairments, serious impairments, permanent impairment of a body function, pain and trauma to various parts of the body, including injury to the spine, aches and pains, pain and suffering and or other injuries

    B. Past Medical Expenses

    C. Future Medical Expenses

    D. Past Lost Earnings and Lost Earnings Capacity

    E. Future Loss of Earnings and Lost Earning Capacity

    F. Past Pain and Suffering

    G. Future Pain and Suffering

    H. Past Embarrassment and Humiliation

    I. Future Embarrassment and Humiliation

    J. Past Loss of Ability to Enjoy the Pleasures of Life

    K. Future Loss of Ability to Enjoy the Pleasures of Life

    L. Disfigurement

      M.      Loss of Consortium

      N.      Emotional Distress

      O.      Property Damage

      P.      Incidental Costs

      Q.      Out of pocket expenses

18. Plaintiff requests punitive damages against Defendant KELLIEANNE FROELICH. This Defendant, when the accident occurred, was driving while intoxicated. Defendant was arrested and pled guilty to DUI. Driving while intoxicated is a dangerous and wanton act that endangers the life and safety of the public and a clear message must be sent to this Defendant that there are legal consequences to such dangerous conduct. In addition Defendant pled guilty to careless driving. Proof of these convictions is attached as **EXHIBIT 1.**

19. Upon information and belief, the tortfeasor defendants were underinsured motorists and the vehicle she was operating was an underinsured motor vehicle.

20. This is a complaint for Underinsured Motorist Benefits.

21. Defendant FARMERS is Plaintiff's personal automobile insurance carrier which has an Underinsured Motorist provision.

22. At all times material hereto, the defendant, FARMERS, acted individually and/or through its respective agents, servants, and/or employees who were then and there acting within the course and scope of their employment and/or agency for the Defendant.

23. At all times material hereto, the Defendant, FARMERS, insured the automobile in which Plaintiff owned and operated. Defendant FARMERS possesses the declaration page and the insurance policy.

24. At all times material hereto, premiums requested by the Defendant, FARMERS, as payment for the aforesaid policy of insurance had been paid in full and the aforesaid policy was in full force and effect on the date of the accident.

25. At all relevant and material times, the insurance policy referred to above provided, inter alia, provided specific coverage for personal injury sustained by an occupant/operator of the automobile as a result of the negligence of an underinsured motorist. The limit of liability under the underinsured motorist coverage portion of the policy is set forth in the documents possessed by FARMERS.

26. The accident of and the negligence of the tortfeasors and their agents, servants and or workmen has been described in detail in this complaint as have the injuries sustained by Plaintiff.

27. At the time of the collision, the tortfeasor defendants had a liability insurance policy. The policy limits were limited and due to the serious injuries sustained by Plaintiff, Plaintiff avers that the policy limits are insufficient.

28. Tortfeasors were underinsured motorists and their motor vehicle was an underinsured motor vehicle.

29. Plaintiff qualifies for underinsured motorist benefits under the insurance policy provided by FARMERS.

30. Plaintiff's damages and injuries exceed the policy of insurance applicable to tortfeasor defendants.

31. Plaintiff and Plaintiff's counsel have provided sufficient information and documentation of Plaintiff's claim for underinsured motorist benefits and all other first party claims.

32. To date, Defendant, FARMERS, has not tendered its policy for underinsured motorist benefits to which Plaintiff is entitled and has not made any settlement offer.

33. Plaintiff requests this Court to award underinsured motorist benefits from Defendant FARMERS to which Plaintiff is entitled.

## COUNT ONE
### PLAINTIFF DENISE WAITE V. DEFENDANT KELLIEANNE FROELICH

34. Paragraphs 1 through 33 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in excess of One Hundred Fifty Thousand dollars ($150,000.00), exclusive of interest and costs.

## COUNT TWO
### PLAINTIFF DENISE WAITE V. DEFENDANT FARMERS – FOR UIM BENEFITS

35. Paragraphs 1 through 34 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in excess of One Hundred Fifty Thousand dollars ($150,000.00), exclusive of interest and costs.

Respectfully submitted,

BY: VAL PLEET WILSON, ESQUIRE
WILSON AND JOHNSON
ONE SOUTH BROAD - SUITE 1830
ONE SOUTH BROAD STREET
PHILADELPHIA, PA 19107
I.D. 25787
(215) 988-9277
vpw@wilsonjohnsonlaw.com
www.wilsonjohnsonlaw.com

Date:

# EXHIBIT "1"

# COURT OF COMMON PLEAS OF BUCKS COUNTY
## DOCKET



Docket Number: CP-09-CR-0004406-2018
# CRIMINAL DOCKET
### Court Case

Commonwealth of Pennsylvania
v.
Kellianne Froelich

Page 2 of 6

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|---|---|---|---|---|---|---|
| 2 | 2 | S | 75 § 3714 §§A | Careless Driving | 05/25/2018 | X 181053-5 |
| 3 | 3 | S | 75 § 1301 §§A | Dr Unregist Veh | 05/25/2018 | X 181053-5 |
| 4 | 4 | S | 75 § 1511 §§A | Fail To Carry Lic | 05/25/2018 | X 181053-5 |

## DISPOSITION SENTENCING/PENALTIES

Disposition
  Case Event
    Sequence/Description
      Sentencing Judge
        Sentence/Diversion Program Type
          Sentence Conditions

Disposition Date
  Offense Disposition
    Sentence Date
      Incarceration/Diversionary Period

Final Disposition
  Grade   Section
    Credit For Time Served
      Start Date

**Waived for Court (Lower Court)**      Defendant Was Present
  Lower Court Disposition                                07/19/2018                                 Not Final
    1 / DUI: Gen Imp/Inc of Driving Safely - 1st Off     Waived for Court (Lower Court)    M    75 § 3802 §§ A1*
    2 / Careless Driving                                 Waived for Court (Lower Court)    S    75 § 3714 §§ A
    3 / Dr Unregist Veh                                  Waived for Court (Lower Court)    S    75 § 1301 §§ A
    4 / Fail To Carry Lic                                Waived for Court (Lower Court)    S    75 § 1511 §§ A

**Proceed to Court**      Defendant Was Not Present
  Information Filed                                      08/16/2018                                 Not Final
    1 / DUI: Gen Imp/Inc of Driving Safely - 1st Off     Proceed to Court                  M    75 § 3802 §§ A1*
    2 / Careless Driving                                 Proceed to Court                  S    75 § 3714 §§ A
    3 / Dr Unregist Veh                                  Proceed to Court                  S    75 § 1301 §§ A
    4 / Fail To Carry Lic                                Proceed to Court                  S    75 § 1511 §§ A

**Guilty Plea**
  Trial                                                  12/13/2018                                 Final Disposition
    1 / DUI: Gen Imp/Inc of Driving Safely - 1st Off     Guilty Plea                       M    75 § 3802 §§ A1*
      Boylan, Rea B.                                     12/13/2018
        Probation                                        Min of 6.00 Months
                                                         Max of 6.00 Months
                                                         6 Months

          Pay Costs
          Pay Restitution in the amount of $213.16
          Pay fine $300.00
          administratively supervised

    2 / Careless Driving                                 Nolle Prossed                     S    75 § 3714 §§ A
      Boylan, Rea B.                                     12/13/2018

    3 / Dr Unregist Veh                                  Nolle Prossed                     S    75 § 1301 §§ A
      Boylan, Rea B.                                     12/13/2018

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# COURT OF COMMON PLEAS OF BUCKS COUNTY
## SECURE DOCKET



Docket Number: CP-09-CR-0004406-2018
# CRIMINAL DOCKET
Court Case

Page 7 of 7

Commonwealth of Pennsylvania
v.
Kellianne Froelich

## CASE FINANCIAL INFORMATION

| Froelich, Kellianne<br>Defendant | Assessment | Payments | Adjustments | Non Monetary Payments | Total |
|---|---|---|---|---|---|
| Title 75, DUI (Motor License Fund) | $150.00 | $0.00 | $0.00 | $0.00 | $150.00 |
| Fines Totals: | $300.00 | $0.00 | $0.00 | $0.00 | $300.00 |
| **Restitution** | | | | | |
| Waite, Denise | $213.16 | $0.00 | $0.00 | $0.00 | $213.16 |
| Restitution Totals: | $213.16 | $0.00 | $0.00 | $0.00 | $213.16 |
| Grand Totals: | $1,518.66 | $0.00 | $0.00 | $0.00 | $1,518.66 |

\*\* - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.